■ COWGIRL, INC., Petitioner, v DEPARTMENT OF CONSUMER AFFAIRS OF THE CITY OF NEW YORK, Respondent. [650 NYS2d 678] —Determination of respondent the Department of Consumer Affairs dated March 16, 1995, which imposed a $100 fine and ordered, *inter alia*, that petitioner cease catering activities within 10 days and, upon failure to comply, that its premises be padlocked, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Joan Lobis, J.], entered October 5, 1995) dismissed, without costs.

Section 20-360 of the Administrative Code of the City of New York, which requires that catering establishments be licensed, is a law of general application and therefore is not preempted by the Alcoholic Beverage Control Law (*see, People v De Jesus*, 54 NY2d 465, 470-471). Substantial evidence that petitioner was operating a catering establishment, as defined by Administrative Code § 20-359 (4), was provided by the testimony of respondent's inspector that he had arranged a private catered party in a back room of petitioner's premises, and by the flier that informed patrons that there was a "Private Party Room Available" and urged them to "Let Cowgirl Cater Your Next

BBQ Event". The order directing the padlocking of the premises was proper, since, as stipulated by the parties, it applies only to the back room where the party was to take place, and the evidence shows that that room was used primarily for catering (*see*, Administrative Code of City of NY § 20-105 [b] [3]). Concur—Sullivan, J. P., Rosenberger, Kupferman, Williams and Andrias, JJ.